UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. ___25-mj-8743-WM___

UNITED STATES OF AMERICA

v.

ARTURO REYNOSO-PEREZ,

                     **Defendant.**
_____/

FILED BY ___SW___ D.C.
Dec 11, 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?  ☐ Yes  ☑ No

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?  ☐ Yes  ☑ No

3. Did this matter involve the participation of or consultation with now Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?  ☐ Yes  ☑ No

4. 4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024?  ☐ Yes  ☑ No

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

BY: _/s/ Daniel C. Funk_____
DANIEL E. FUNK
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No.   0592501
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel:   305-905-7509
Fax:
Email:  daniel.funk@usdoj.gov

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
| v. | ) | |
| | ) | Case No.   25-mj-8743-WM |
| ARTURO REYNOSO-PEREZ, | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

FILED BY ___SW___ D.C.
Dec 11, 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of   December 6, 2025   in the county of   Palm Beach   in the   Southern   District of   Florida  , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) and (b)(1) | Illegal Reentry by a Previously Removed Alien |

This criminal complaint is based on these facts:
See Attached Affidavit.

☒ Continued on the attached sheet.

_____
*Complainant's signature*

ICE Deportation Officer Luis Camacho
*Printed name and title*

Sworn to and attested to me by applicant by telephone (Facetime) per the requirements of Fed. R. Crim. P.4 (d) and 4.1.

Date:   December 10, 2025

_____
*Judge's signature*

City and state:   West Palm Beach, FL     Chief U.S. Magistrate Judge William Matthewman
*Printed name and title*

## AFFIDAVIT
## OF
## LUIS CAMACHO
### UNITED STATES DEPARTMENT OF HOMELAND SECURITY
### IMMIGRATION AND CUSTOMS ENFORCEMENT

I, Luis Camacho, being duly sworn, depose and state as follows:

1. I am a Deportation Officer with the Immigration and Customs Enforcement (ICE) and have been so employed for over ten years. I am currently assigned to the ICE Enforcement and Removal Operations, West Palm Beach, Florida. My duties and responsibilities include enforcing criminal and administrative immigration laws of the United States. I have also conducted and participated in investigations of this nature.

2. This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause to believe that Arturo REYNOSO-PEREZ committed the offense of illegal re-entry after removal, in violation of Title 8, United States Code, Section 1326(a) and (b)(1).

3. On or about December 6, 2025, Arturo REYNOSO-PEREZ was arrested in Palm Beach County, Florida for the offense of failure to appear for arraignment on a state case related to driving while under the influence of alcohol causing property damage and driving without a driver's license. He was booked and detained at the Palm Beach County Jail.

4. A review of the immigration records shows that Arturo REYNOSO-PEREZ is a native and citizen of Guatemala. Records further show that on or about October 15, 1998, Arturo REYNOSO-PEREZ who, as of that time, falsely identified himself as Francisco RENOSO-PEREZ, a citizen of Mexico, was voluntarily removed from the United States and returned to Mexico.

5. Thereafter, Arturo REYNOSO-PEREZ re-entered into the United States illegally, and on or about March 9, 2011, was ordered removed. The Order of Removal was executed on or about October 27, 2011, whereby Arturo REYNOSO-PEREZ was removed from the United States and returned to Guatemala.

6. Thereafter, Arturo REYNOSO-PEREZ re-entered into the United States illegally and was removed and returned to Guatemala on two additional separate occasions, on or about following dates: February 11, 2015, and April 6, 2022.

7. Further review of records shows that on or about May 17, 2004, in the Circuit Court, Twentieth Judicial Circuit, in and for Collier County, Florida, Arturo REYNOSO-PEREZ was convicted of the felony offense of possessing a similitude identification card, in case number 0400445CFA.

8. Records further show that on or about July 21, 2014, in the United States District Court, District of Arizona, Arturo REYNOSO-PEREZ was convicted of the misdemeanor offense of illegal entry, in violation of Title 8, United States Code, Section 1325(a)(1), case number 14-29452M.

9. Further review of the records shows that on or about May 11, 2021, in the United States District Court, Southern District of Florida, Arturo REYNOSO-PEREZ was convicted of the offense of reentry of removed alien, in violation of Title 8, United States Code, Section 1326(a) and (b)(1), case number 9:21-CR-80010-CANNON.

10. Arturo REYNOSO-PEREZ's fingerprints taken in connection with his December 6, 2025, arrest in Palm Beach County were scanned into the IAFIS system. Results confirmed that scanned fingerprints belong to the individual who was previously removed from the United States, that is Arturo REYNOSO-PEREZ.

11. A record check was performed in the Computer Linked Application Informational Management System to determine if Arturo REYNOSO-PEREZ filed an application for permission to reapply for admission into the United States after deportation or removal. After a search was performed in that database system, no record was found to exist indicating that Arturo REYNOSO-PEREZ obtained consent from the Attorney General of the United States or from the Secretary of Homeland Security, for re-admission into the United States as required by law.

12. Based on the foregoing, I submit that probable cause exists to believe that, on or about December 6, 2025, Arturo REYNOSO-PEREZ, an alien who has previously been deported and removed from the United States, was found in the United States without having received the express consent from the Attorney General or the Secretary of the Department of Homeland Security for re-admission into the United States, in violation of Title 8, United States Code, Section 1326(a) and (b)(1).

_____
Luis Camacho
Deportation Officer
Immigration and Customs Enforcement

Sworn and Attested to me by Applicant by Telephone (Facetime) pursuant to Fed. R. Crim. P. 4(d) and 4.1 this  10th    day of December 2025.

_____
WILLIAM MATTHEWMAN
CHIEF UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: ARTURO REYNOSO-PEREZ

**Case No**: 

**Count #1:**

Illegal Reentry by a Previously Removed Alien

* **Max. Term of Imprisonment:** 10 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.